HENRY W. UNDERHILL, Plaintiff in Error, *v.* IRA CORWIN et al., Defendants in Error.

ERROR TO LA SALLE.

A certificate that a notice "was inserted in said paper, commencing with August 21, 1852, and ending October 2, 1852, six weeks," will be taken to show that publication had been made for four successive weeks within those periods.

A mechanics' lien will not extend over land or lots not owned at the time by the party for whom the building or improvement was constructed.

The act gives a lien only upon contracts with the owner.

THIS cause was heard by LELAND, Judge, at November term, 1852, of La Salle Circuit Court.

GLOVER & COOK, for plaintiff in error.

STRAIN, for defendants in error.

SCATES, J.    The objection made to the printers' certificate of the publication of notice is not well taken.

The statute, R. S. 45, 94, § 8, requires the publication to be made for four successive weeks, and this certificate states that the notice "was inserted in said paper, commencing with August 21, 1852, and ending October 2, 1852, six weeks."    We examine the certificate as proof, and not for criticism as grammarians.    We are not allowed from it to doubt of the publication having been made for four successive weeks within those periods.

Defendants filed this petition to enforce a mechanics' lien on lots 1, 2, and 7 in block 72, in La Salle, for work and materials upon a house situated on lot 7. The contract was made with F. Kenyon, one of the plaintiffs, who is alleged to be the owner of lots 1 and 2, but who had no title to lot 7, but who was in possession of it at the time, and had inclosed it in a common fence with the other two lots.

The petition further shows, that Underhill, after this work was done, purchased lots 1 and 2, and the house on lot 7, and removed the house to lot 1. On proof of the debt, the court decreed a sale of lots 1 and 2 to satisfy it.

This decree is erroneous, for according to the construction we put upon the statute, the petition shows that defendants have no lien upon these lots for this labor and materials.

In Higgins et al. v. Ferguson et al., 14 Ill. R. 269, the lien was expressly put upon the ground of fraud in the owner of the lot, who stood by and connived at the representations of the party that he was owner, and under that character obtained the building materials, which were used in a house upon his lot, and to his benefit.

This is a special statutory lien and remedy, and however politic it might be to extend it to analogous cases, and make it more general in its application, we can only enforce it in the cases provided for and embraced in it. Such is the construction of a similar statute, in relation to preferences and attachments of boats and vessels in Merriman et al. v. Canal Boat, Col. Butts, post.

This act gives a lien only upon contract with the owner. R. S. 345, § 1. Section 17 declares what estate shall be sufficient under this act, to constitute an owner. It embraces estates for life, an equity of redemption, and those who own subject to "any other incumbrance," shall be deemed owner to the "extent" of his interest; and the 21st section further extends it to "any legal or equitable claim to lands or lots." By the 20th section the incumbrancer's rights in the land are preserved, while the laborer and material men are secured in a lien on the improvements they make or contribute to make.

These provisions are referred to, to show that these heirs do not follow and attach upon all labor and materials upon any real estate, without regard to the ownership of those who bargain for them. The erection of a house upon lot 7, to which no title is pretended, will not give a lien, either upon the lot or the house. Consequently the removal of the house will transfer no lien to another lot.

The inclosure of lands or lots under a common fence, is

47*

equally insufficient to transfer the lien. It is without any suggestion of fraud, and only shows negligence in defendants, in not making inquiry into the ownership, if they desired a lien, before they performed the labor. To enforce a lien upon the grounds set forth in this petition, would be productive of frauds and great hardships upon innocent purchasers.

Judgment reversed, and petition dismissed.

*Judgment reversed.*